## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　vs.<br><br>MARCO VASQUEZ,<br><br>　　　　Defendant. | Magistrate Case No. __21MJ0041__<br><br>COMPLAINT FOR VIOLATION OF<br>Title 21, U.S.C., Sec. 841(a)(1) –<br>Possession of Methamphetamine with<br>Intent to Distribute; Title 18 U.S.C. §<br>922(g)(1) - Felon in Possession of a<br>Firearm |

The undersigned complainant being duly sworn states:

### Count One

On or about December 9, 2020, within the Southern District of California, defendant MARCO VASQUEZ, did knowingly and intentionally possess with intent to distribute approximately 87.64 grams of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

### Count Two

On or about December 9, 2020, within the Southern District of California, defendant MARCO VASQUEZ knowing his status as a convicted felon, that is, a person having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm that traveled in and affected interstate commerce, to wit: a Smith and Wesson 9mm handgun with serial number TBC4267; in violation of Title 18, United States Code, Section 922(g)(1).

This complaint is based on the facts in the attached probable cause statement, which is incorporated herein by reference.

*Jonathan Fecteau*
Jonathan L. Fecteau
FBI Task Force Officer

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 8th day of January 2021.

*Daniel Butcher*
The Honorable Daniel Butcher
United States Magistrate Judge

## PROBABLE CAUSE STATEMENT

I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

I have been employed as a law enforcement officer by the San Diego County Sheriff's Department ("SDSD") for over eighteen years. I am currently assigned to the North County Regional Gang Task Force ("NCRGTF") and have been since January of 2014. As part of this assignment, I have been deputized by the Federal Bureau of Investigations ("FBI") and the United States Marshals Service ("USMS"). Prior to this assignment, I have held positions in the Street Narcotics and Gang Detail and Gang Enforcement Team. Before these investigative positions, I was a patrol deputy for nearly five years and worked in the County jails for over two years. During my eighteen years in law enforcement, I have received extensive formal training in narcotics and gang investigations. I have participated in multiple separate investigations involving the distribution of controlled substances and firearms. As part of these investigations, I have used various investigative techniques, including physical and stationary surveillance, informants and cooperating sources, court authorized interceptions, pen register/trap and trace devices, telephone toll analysis, undercover operations, physical searches, mail covers, and electronic examinations of evidence.

In addition to my formal training, I have received on the job training in the manner in which narcotics are packaged, consumed, transported and sold. I have spoken to narcotics officers, drug users, drug dealers, and informants regarding the manner in which narcotics transactions are commonly carried out, how narcotics are packaged for sale, and how drug dealers store, conceal, sell, smuggle, and transport narcotics. Through previous investigations, I have obtained knowledge regarding the ordinary meaning of controlled substance slang and jargon. I have testified multiple

times as an expert witness for narcotics possession/sales cases in San Diego County Superior Court. I have monitored and reviewed thousands of recorded telephone calls pursuant to Title III court orders in narcotics and gang related investigations as well as handled confidential sources with access to drug dealers and gang members.

On December 9, 2020, at approximately 11:47 a.m., San Diego County Sheriff's Deputy Woienski was dispatched to a radio call of an armed suspicious person with a firearm in the parking lot of Astor Healthcare Center located at 247 East Bobier Drive in Vista, California. When Deputy Woienski arrived, he was directed to the rear parking lot where he observed an individual later identified as Neeko Chavez kneeling on top of an individual later identified as Marco Antonio VASQUEZ.

Both subjects were initially detained while deputies investigated the incident. Deputy Woienski learned the following after conducting his investigation. VASQUEZ had pulled into the parking lot behind Astor Healthcare Center driving a black Toyota Camry. VASQUEZ then exited his vehicle and approached a parked gray Honda Civic belonging to his ex-girlfriend, Kristina Enriquez. Enriquez was seated in the driver's seat and her co-worker Neeko Chavez was seated in the front passenger seat. VASQUEZ banged on the driver's side window and demanded that Enriquez exit the vehicle. Both Enriquez and Chavez exited the vehicle. VASQUEZ pointed a 9mm Smith and Wesson handgun at Enriquez and began yelling and rambling, apparently upset that Enriquez was with Chavez.

VASQUEZ returned to his vehicle, placed the handgun inside, and approached Chavez with a black pocketknife stating that he was going to, "Fuck him up." Chavez demanded they settle the issue, "man to man," VASQUEZ placed the pocketknife in his pocket, and a fight ensued. VASQUEZ and Chavez struck each other multiple times, before Chavez wrestled VASQUEZ to the ground and pinned him down.

Another employee of Astor Healthcare Center, Melissa Lopez, ran into the parking lot to try and help. Lopez and Enriquez located the handgun in the front center console of VASQUEZ's vehicle. They placed the handgun into a black backpack

that was located on the front passenger side floorboard, and Lopez took the backpack containing the handgun into the Astor Healthcare Center.

The firearm was later recovered from Lopez and determined to have been loaded, with a round in the chamber.

VASQUEZ was ultimately arrested and a record's check was conducted on him. Deputy Woienski discovered VASQUEZ was on federal probation, with a valid Fourth Amendment Waiver. A search incident to arrest of VASQUEZ's vehicle resulted in the discovery of a bag containing approximately 87.64 grams of a white crystalline like substance that field tested positive for methamphetamine located in the front center console. Based on my training and experience, I am aware that this amount of methamphetamine is consistent with possession with intent to distribute, and is too great an amount to be consistent with a personal-use quantity. For instance, I am aware that a single use of methamphetamine can be a fraction of a gram, and that users generally have correspondingly small amounts.

As outlined above, deputies also recovered a Smith and Wesson 9mm handgun with serial number TBC4267. A preliminary determination was made that the Smith and Wesson 9mm handgun was not manufactured in California. Therefore, the firearm traveled in, and/or affected interstate commerce to arrive in the state of California.

And record checks confirmed that VASQUEZ is a previously convicted felon. For example, on October 16, 2017, VASQUEZ was sentenced in the Southern District of California to 57 months in prison for a violation of 21 USC 841(a)(1) and 846 – Conspiracy to Distribute Methamphetamine.

VASQUEZ is currently in federal custody pending a supervised release revocation in case number 17-cr-487-LAB.