UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Marco VASQUEZ,<br><br>Defendant. | Case No.: 21-cr-0238-AGS<br><br>**ORDER DENYING SENTENCE-REDUCTION MOTION (ECF 51)** |

Defendant Marco Vasquez seeks "a Reduction in Sentence" under 18 U.S.C. § 3582(c), due to a retroactive change to his criminal history score under the U.S. Sentencing Guidelines. At sentencing, his criminal history score was increased 2 points—from a total of 7 to 9 points—because he committed the offense while on supervised release for another conviction. (*See* ECF 44, at 13.) But Amendment 821 to the Guidelines retroactively reduced that increase to 1 point, *see* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534-02 (Sept. 1, 2023), for a total criminal history score of 8. Unfortunately for Vasquez, this change makes no difference to his Guideline range, as criminal history scores of 8 points and 9 points both fall in Criminal History Category IV.

"Ordinarily, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Kheyre*, 176 F.4th 1169, 1173 (9th Cir. 2026) (quoting 18 U.S.C. § 3582(c)). Yet Congress created a "limited exception[]" to that rule: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "The Commission has issued one policy statement applicable to § 3582(c)(2) proceedings: USSG § 1B1.10." *Kheyre*, 176 F.4th at 1173. And "[u]nder § 1B1.10(a)(1), a defendant is eligible for a reduction only if a retroactive amendment

1

lowered 'the guideline range applicable to that defendant.'" *Id.* (quoting USSG § 1B1.10(a)(1)).

This requirement dooms Vasquez's request. The Amendment 821 criminal-score reduction from 9 points to 8 points has no effect on his Criminal History Category of IV. *See* USSG ch. 5, pt. A (sentencing table). Since the "guidelines range applicable to that defendant" is identical before or after the amendment, Vasquez is ineligible for relief under § 3582(c)(2). *See Kheyre*, 176 F.4th at 1173.

The sentence-reduction motion is **DENIED**.

Dated:  July 10, 2026

_____
Andrew G. Schopler
United States District Judge

2

21-cr-0238-AGS